CROWELL *v.* NATHANIEL E. HARLOW.

CROWELL *v.* GEORGE HARLOW.

(*Circuit Court, D. Massachusetts.* January 17, 1880.)

INVENTION—IMPROVED PROCESS OF CURING FISH.—An improvement in the process of curing fish by the removal of the mucous membrane is patentable, when it was not formerly known that such membrane was injurious to the keeping quality of the fish.

These causes were tried together, it being agreed that the facts were precisely alike in both.

John Atwood obtained a patent, No. 90,334, May 25, 1869, for an improved process of curing and putting up fish. He declared in his specification that the cause of the offensive odor of fish cured in the ordinary way was the mucous membrane between the skin and the flesh, which when dried and afterwards moistened became slimy and offensive. His new method was thus described: "When the fish is fresh, I take out the principal bones and fins, the fish remaining whole or split in halves. When partially dried and cured with salt I remove the skin, and with it the entire mucous membrane, the cause of the offensive odor of salt fish. I then pack in tight wood boxes, of convenient size, for instance from ten to one hundred pound boxes." He claims: "The method or process for curing and putting up fish substantially as described." It was explained that the method was particularly applicable to cod and haddock.

From the evidence and the stipulations of the parties, it appeared that the patent was now owned by the plaintiff; that the method of Atwood had been described to the defendants, and that they had taken licenses from the plaintiff, which both parties understood to be for the term of one year, which had expired before the bills were filed. At the hearing, it was suggested by the defendants that the licenses might be construed to run for the whole life of the patent, but the answer had not taken this defence. There was evidence tending to show novelty, utility and infringement. The point argued was, whether there was invention to support the patent.

*Chauncey Smith*, for complainants.

*George A. King*, for defendants.

LOWELL, J. There is so little doubt upon the main issues of this case that patentability has been the only question argued. The witnesses on both sides agree that in practicing the important and valuable industry of drying and curing cod and haddock for the markets at home and abroad, down to the year 1869, the fishermen and others engaged in that industry prepared the fish by splitting them, removing the fins and offal, and taking out the principal bones, and in that state the fish were salted and dried, and presented the appearance with which we are all familiar. They fully agree that the patented method is a great improvement upon that before practiced. If this method were merely to remove more of the bones, or to skin the fish, or both, it would seem to require and prove only the exercise and skill in handling the fish, and taste in making them attractive. So, the packing in boxes is clearly no invention.

The evidence goes further, and proves that Atwood made a discovery; that there is in the fish, to which his invention is applicable, what he calls a mucous membrane, and what others call an inner skin, or a sort of film, and that the removal of this membrane is not necessarily effected by skinning the fish, unless attention is given to this inner skin, and that the presence of this inner skin is highly injurious to the keeping quality of salt fish. It is singular that such a dis-

covery should be made at this late day, but I have no right upon this record to deny it.

After this discovery was made, it would probably occur to any one interested to apply it in the art of curing fish, and the mode of application is simply to remove the membrane. I see no reason why the person who improves the art of curing fish by removing a part of the animal not before known to be injurious, but in reality so, should not have a patent for it. It is gratifying to know that the patentee is the person who made the discovery; but, in the absence of a theft, the one who communicates the fact to the public, and shows its application, would be, I should suppose, an inventor—at least under the older decisions—and, *a fortiori*, the discoverer of the fact. If the fact itself were well known, there might be no invention. For instance, to cure hams by salting and smoking would not sustain a patent if the virtues of salt and smoke were well known, and had been applied in analogous arts. It would not be invention to salt a fish more or less thoroughly. But a patent might properly be granted for curing fish with a substance which had never before been used for any similar purpose, and which would effect the old result of curing the fish in a better or cheaper way, of which last fact the infringement would be sufficient evidence. I am unable to distinguish between adding and taking away, if the result is to improve the art.

Decree for the complainant.